UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PROTECTIVE LIFE INSURANCE
CORPORATION,

    Plaintiff,

v.                                           Case No: 8:16-cv-1292-T-JSS

CHAD M. BETTS, JEREMY W.
BOWERS, ELENA L. DAVIS, ALBERTO
ROMERO, SR. and THE ESTATE OF
ALBERTO ROMERO, JR.,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on Defendants Jeremy Bowers's and the Estate of Alberto Romero, Jr.'s Motion to Substitute Parties Pursuant to Rule 26(c) ("Motion to Substitute") (Dkt. 44),[1] and Defendants Jeremy Bowers's and the Estate of Alberto Romero, Jr.'s Motion for Summary Judgment ("Summary Judgment Motion") (Dkt. 59). No response was filed to the Summary Judgment Motion despite the Court's, sua sponte, granting the parties an extension to respond. (Dkt. 61.) For the reasons that follow, the Motion to Substitute is granted and the Summary Judgment Motion is granted.

## BACKGROUND

On October 16, 2000, Zurich Life Insurance Company of America issued a policy of life insurance, Policy No. ZL6607105 (the "Policy"), to Alberto Romero, Jr. (the "Insured"), in the face amount of $200,000. (Dkt. 1 ¶ 11; Dkt. 6-1.) Protective Life Insurance Corporation

---

[1] Defendant Chad Betts filed a response in opposition to the Motion to Substitute (Dkt. 45), which he later withdrew. (Dkt. 62.) Accordingly, the Motion to Substitute is unopposed.

("Protective") is the successor-in-interest to the Policy. (Dkt. 1 ¶ 11.) In the application, the Insured named his estate ("Estate") as the primary, and only, beneficiary of the Policy. (Dkt. 6-1.)

On November 6, 2000, the Insured requested a change of his beneficiary designation ("Request"), changing the primary beneficiary of the Policy in accordance with an accompanying "Change of Beneficiary Attachment." (Dkt. 6-2 at 2, 5.) While the Request accurately references Policy No. ZL6607105 (Dkt. 6-2 at 2), the Change of Beneficiary Attachment references Policy No. "ZL660715." (Dkt. 6-2 at 5.) In the Change of Beneficiary Attachment, the Insured made the following beneficiary designations: domestic partner Chad Michael Betts would receive 50%, friend Jeremy Wade Bowers would receive 20%, father Alberto Romero, Sr. would receive 18%, and sister Elena L. Davis would receive 12%. (Dkt. 6-2 at 5.) The Estate was not included as a beneficiary in the Change of Beneficiary Attachment. (Dkt. 1 ¶ 16.)

The Insured died in Vedado, Havana Cuba, on January 8, 2015, and the proceeds of the Policy became payable. (Dkt. 1 ¶ 16; Dkt. 6-3.) On November 30, 2015, Defendant Jeremy Bowers, as personal representative of the Estate, filed a Petition for Order Authorizing Personal Representative to Pursue Legal Action ("Petition") in an action styled *In re: Estate of Alberto Romero, Jr.*, case no. 15-CP-000150, now pending in the Circuit Court for Hillsborough County, Florida. (Dkt. 1 ¶ 17; Dkt. 6-4.) In the Petition, Bowers, as personal representative of the Estate, seeks an order granting him leave to pursue the Estate's rights to the Policy's proceeds, and either enjoining Protective from distributing the proceeds or requiring it to interplead the proceeds. (Dkt. 6-4.) In the petition, Bowers explained that the Estate filed a claim for the Policy's proceeds, which Protective denied, finding that the beneficiaries are those listed in the Change of Beneficiary Attachment. (Dkt. 6-4 ¶¶ 5–6.)

Further, in the Petition, Defendant Bowers argues, alternatively, that (1) the Estate is entitled to 100% of the death benefit, per the original beneficiary designation, because the Change of Beneficiary Attachment is void for failure to reference the correct policy number, (2) Defendant Chad Betts's 50% share is void because the designations in the Change of Beneficiary Attachment were status-dependent and Betts did not have domestic partner status at the time of the Insured's death, and (3) Betts's 50% share is void because Defendant Betts could not be located. (Dkt. 6-4.) Defendant Bowers further argues that if Betts's share is void, that share should be payable either to the Estate or to the remaining beneficiaries designated in the Change of Beneficiary Attachment. (Dkt. 6-4.)

Protective initiated an interpleader action, admitting that the proceeds of the Policy are payable, but contending that it "is unable to determine to whom" the proceeds should be paid. (Dkt. 1 ¶ 20.) Therefore, Protective requested that it the Court accept payment of the proceeds into the Court Registry, that the Court adjudicate the rightful recipient(s) of the proceeds, and that the Court dismiss Protective from the action. (Dkt. 1 at 5.) The Court granted Protective's motion for leave to deposit the proceeds in the Court Registry, dismissed Protective as a named party, and discharged Protective from all further liability related to the proceeds. (Dkts. 33, 34, 38.)

In the Motion to Substitute, Defendants Bowers and the Estate seek an order substituting Defendants Romero, Sr. and Davis for Bowers and the Estate because Bowers and the Estate assigned all their rights, claims, and interest in the Policy's proceeds to Romero, Sr. and Davis. (Dkt. 44.) Thus, Bowers and the Estate seek to be dismissed from the action. (Dkt. 44.) Similarly, in the Summary Judgment Motion, Bowers and the Estate seek an order of summary judgment dismissing them from the case because they have transferred their interests in the Policy's proceeds to Romero, Sr. and Davis, and thus are no longer indispensable parties to this action. (Dkt. 59.)

## APPLICABLE STANDARDS

Federal Rule of Civil Procedure 25(c) provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). "Rule 25(c) applies only to transfers of interest occurring during the pendency of litigation and not to those occurring before the litigation begins." *Andrews v. Lakeshore Rehab. Hosp.*, 140 F.3d 1405, 1407 (11th Cir. 1998); *Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350, 1358 (11th Cir. 1994) ("Rule 25(c) authorizes a substitution of parties after a transfer of interest has occurred.").

It is within the court's discretion to allow substitution. *Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distribution Co.*, 748 F.2d 602, 610 (11th Cir. 1984). Substitution under Rule 25(c) "is procedural only and does not affect the substantive rights of the parties which are determined by state law." *Matter of Covington Grain Co., Inc.*, 638 F.2d 1357, 1361 (5th Cir. 1981);[2] *Barker v. Jackson Nat'l Life Ins. Co.*, 163 F.R.D. 364, 365 (N.D. Fla. 1995) ("Substitution under Rule 25(c) is purely a matter of convenience, and regardless of whether substitution is ordered, the respective substantive rights of the transferor or the transferee are not affected.").

Summary judgment is proper if the movant shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A disputed fact is material if the fact "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* The movant bears the burden of establishing the absence of a dispute over a material fact. *Reynolds v. Bridgestone/Firestone, Inc.*, 989 F.2d 465, 469 (11th Cir. 1993). In considering a summary

---

[2] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent the decisions the former Fifth Circuit rendered prior to October 1, 1981.

judgment motion, all evidence is viewed in the light most favorable to the non-movant. *Id.* Once the moving party requests summary judgment on the absence of necessary evidence, the non-moving party must "go beyond the pleadings and . . . designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

Additionally, the court must ensure that the motion is supported by evidentiary materials and, in its order, must "indicate that the merits of the motion were addressed." *Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988); *see also United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004) (providing that the district court cannot grant summary judgment on the mere fact that a motion for summary judgment is unopposed).

## ANALYSIS

"Generally, all contractual rights are assignable unless the contract prohibits assignment, the contract involves obligations of a personal nature, or public policy dictates against assignment." *Hall v. O'Neil Turpentine Co., L.V. McClendon Kennels, Inc. v. Inv. Corp. of S. Florida*, 490 So. 2d 1374, 1375 (Fla. 3d DCA 1986); *Abraham K. Kohl, D.C. v. Blue Cross & Blue Shield of Florida, Inc.*, 955 So. 2d 1140, 1143 (Fla. 4th DCA 2007); *Classic Concepts, Inc. v. Poland*, 570 So. 2d 311, 313 (Fla. 4th DCA 1990).

An assignment "transfers all the interests and rights to the thing assigned, and permits the assignee to stand in the assignor's shoes and enforce the contract against the original obligor or in his own name." *Cableview Commc'ns of Jacksonville, Inc. v. Time Warner Cable Se. LLC*, No. 3:13-CV-306-J-34JRK, 2014 WL 1268584, at *3 (M.D. Fla. Mar. 27, 2014) (internal quotations omitted). Thus, the assignor retains no right to enforce the contract after assignment. *Id.*

Here, in the Court's exercise of its discretion, substitution is warranted under Rule 25(c), as it will streamline, rather than disrupt, the issues in this case. *See Nat'l Indep. Theatre Exhibitors*, 748 F.2d at 610 (11th Cir. 1984) (holding that the district court did not err in denying substitution because it would be disruptive to the case's orderly administration); *Barker*, 163 F.R.D. at 366 (N.D. Fla. 1995) (denying substitution because it "may require that the trial be postponed, or perhaps that the case be dismissed"). And, importantly, substitution recognizes and effectuates the assignment executed by Bowers, individually and as personal representative of the Estate, Davis, and Romero, Sr. (Dkt. 60). *See Hansen v. Wheaton Van Lines, Inc.*, 486 F. Supp. 2d 1339, 1346 (S.D. Fla. 2006) ("By assigning all such rights, Plaintiff has no standing to pursue the instant action. Once the assignor assigns its rights to pursue a claim against a third party to another, the assignor retains no right to sue the third party. An assignment transfers all rights in the thing assigned.").

Further, summary judgment as to Bowers and the Estate is appropriate because the assignment (Dkt. 60) demonstrates that Bowers and the Estate assigned their rights to the Policy's proceeds. It is undisputed that the assignment is valid. (Dkt. 60 ¶¶ 2–3; Dkt. 60, Ex. A.) *See* Fed. R. Civ. P. 56(e)(2) (providing that if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact, then the court may consider the fact undisputed for purposes of the motion); § 733.612(5), Fla. Stat. (explaining that the powers of a personal representative include "dispos[ing] of an asset"); *Baker v. Vidoli*, 751 So. 2d 608, 610 (Fla. 2d DCA 1999) (recognizing the personal representative's authority to sell the estate's securities). Therefore, as a matter of law, Bowers and the Estate have no interest in the Policy's proceeds, and, thus, no interest in this proceeding. *Hansen*, 486 F. Supp. 2d at 1346; *Cableview*, 2014 WL 1268584, at *3.

Accordingly, it is

**ORDERED**:

1. Defendants Jeremy Bowers's and the Estate of Alberto Romero, Jr.'s Motion to Substitute Parties Pursuant to Rule 26(c) (Dkt. 44) is **GRANTED**. Defendants Elena Davis and Alberto Romero, Sr. are substituted in the place of Defendants Jeremy Bowers and the Estate of Alberto Romero, Jr.

2. Defendants Jeremy Bowers's and the Estate of Alberto Romero, Jr.'s Motion for Summary Judgment (Dkt. 59) is **GRANTED**.

**DONE** and **ORDERED** in Tampa, Florida, on April 17, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record